

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

February 10, 2003

Ms. Cynthia S. Vaughn, D.C.
President
Texas Board of Chiropractic Examiners
333 Guadalupe, Suite 3-825
Austin, Texas 78701-3942

Opinion No. GA-0020

Re: Whether the Board of Chiropractic Examiners may by rule allow an individual whose license has expired to take a different licensing examination from that required under section 201.354(e) of the Occupations Code (RQ-0586-JC)

Dear Ms. Vaughn:

As president of the Texas Board of Chiropractic Examiners (the "Board"), you seek an opinion on Occupations Code section 201.354(e) which governs the licensing of chiropractors whose licenses have been expired for one year or more. You ask whether a person subject to Occupations Code section 201.354(e) must retake all of the National Board of Chiropractic Examiners (the "NBCE") examinations presently required for original licensure by board rule, or whether the Board, by rule, may determine which NBCE examinations sufficiently and safely fulfill the requirement of reexamination under section 201.354(e).[1]

The NBCE is a non-profit national organization that provides several different tests for the chiropractic profession. *See* Request Letter, *supra* note 1, at 1. You indicate that the NBCE Parts I through IV examinations are designed to measure the competency of candidates for initial licensure, while the Special Purposes Examination for Chiropractic is designed for licensing agencies to use when considering cases of reciprocity, reinstatement following licensure lapse, suspension or revocation, and the like. *See id.* at 2; NBCE EXAMINATION INFORMATION, FALL 2002, section 1, at 3.

Occupations Code section 201.354(e) provides as follows:

> (e) Except as provided by Subsection (g) and Section 201.355, a person may not renew a license that has been expired for one year or more. The person may obtain a new license by submitting to

---

[1]Letter from Cynthia S. Vaughn, D.C., President, Texas Board of Chiropractic Examiners, to Honorable John Cornyn, Texas Attorney General (Aug. 7, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> reexamination and complying with the requirements and procedures
> for obtaining an original license.

TEX. OCC. CODE ANN. § 201.354(e) (Vernon 2003); *see id.* ch. 201, subch. G (requirements and procedures for obtaining an original license). Subsection (g) allows a person to renew a license that has been expired for one to three years if there is good cause for failure to renew as defined by board rule. *See id.* § 201.354(g); *see also* 27 Tex. Reg. 1263, 4705 (2002) (to be codified at 22 TEX. ADMIN. CODE § 73.2(h)(6)-(7)). Section 201.355 provides an exception for a person licensed in Texas who moved to another state and "is currently licensed and has been in practice in the other state for the two years preceding application." TEX. OCC. CODE ANN. § 201.355(a) (Vernon 2003); *see* 22 TEX. ADMIN. CODE § 73.2(h)(5) (2002).

The Board is authorized to adopt rules and bylaws "relating to . . . the board's examination of an applicant for a license to practice chiropractic." TEX. OCC. CODE ANN. § 201.152(a)(2) (Vernon 2003). As the governing body of an administrative agency, the Board may adopt only rules that are authorized by and consistent with its statutory authority. *See R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992); *State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794, 798 (Tex. App.–Austin 1982, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0541 (2002) at 2; *see also Gerst v. Oak Cliff Savs. and Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968) (rules must be in harmony with the general objectives of the statute).

The legislature has provided, with two statutory exceptions, that "a person may not renew a license that has been expired for one year or more" but may "obtain a new license by submitting to reexamination and complying with the requirements and procedures for obtaining an original license." TEX. OCC. CODE ANN. § 201.354(e) (Vernon 2003). Applicants for a new license must pass the "required and optional parts of the examination given by the National Board of Chiropractic Examiners, as required by and under conditions established by board rule" and an examination prepared by the Board on the law governing the practice of chiropractic in Texas. *Id.* § 201.304(a)(1). Moreover, an examination given to applicants for an initial license "shall be conducted on practical and theoretical chiropractic and in the subjects of anatomy-histology, chemistry, bacteriology, physiology, symptomatology, pathology and analysis of the human spine, and hygiene and public health." *Id.* § 201.305(b). A board rule requires applicants for initial licensure to "take and pass Parts I, II, III, IV and Physiotherapy" of the NBCE examinations. 22 TEX. ADMIN. CODE § 71.6(a) (2002). Board rules on the licensure of a person whose license has been expired for a year or more must be consistent with section 201.354(e), which requires, subject to the two noted exceptions, the person whose license has expired to comply with the requirements and procedures for obtaining an original license. Accordingly, the Board has no authority to provide by rule additional exceptions from the legislatively established requirements for licensure of persons whose license has been expired for one or more years.

## S U M M A R Y

Occupations Code section 201.354(e) provides, with certain exceptions, that a person may not renew a license to practice chiropractic that has been expired for one year or more but may obtain a new license by submitting to reexamination and complying with the requirements for obtaining an original license. The Board of Chiropractic Examiners does not have authority to adopt a rule providing that such persons may be licensed by taking an examination different from that required of first-time applicants.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee